IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
APR 27 AM 9:07
COURT
AMA

| | | |
|---|---|---|
| In Re Sam Raine, Jr. | ) | |
| Sam Raine, Jr., | ) | |
| Appellant, | ) | CV 00-J-184-S |
| vs. | ) | |
| Sam Romano, individually and for the | ) | |
| benefit of the Estate of Joe M. Romano, | | |
| Deceased. | ) | APR 2 7 2000 |
| Appellee. | ) | |

## MEMORANDUM OPINION

This is an appeal from an order of summary judgment in favor of Appellee ("Sam

Romano") issued by the Bankruptcy Judge on October 4, 1999.  Pursuant to 28 U.S.C. §

158(a), this Court exercises jurisdiction over the appeal.  The sole issue on appeal is

whether the Bankruptcy Judge properly entered summary judgment in favor of Romano

upon a finding that Appellant ("Raine") had committed defalcation while acting as

executor of the Estate of Joe M. Romano.[1]

---

[1] The Court notes Romano's entire argument on appeal is that summary judgment was improper as disputed material facts existed.  However, Romano has failed to specify, at summary judgment or on appeal, what material facts he believes are still in dispute and/or provide evidence to support his burden as non-moving party.

5

## Factual Summary

Mr. Raine was the executor of the Estate of Joe Romano.[2]  While acting in this capacity, Raine made various payments to corporations[3] and individuals that, for various reasons, should not have been paid.  Some of these transactions seem to directly benefit Raine.  *See* R.121-124.   These transactions were uncovered when Raine filed the "Executor's Report" with the Probate Court of Shelby County, Alabama.  This report outlined both the receipt and distribution of monies to and from the Estate of Joe Romano.  Sam Romano, as beneficiary of the Estate of Joe Romano, filed an objection to the report in Probate Court.  The objection was sustained and summary judgment granted in favor of Sam Romano, directing Raine to pay into the estate $167,313.23.[4]

Sometime thereafter, Raine filed a petition for personal bankruptcy.  After the Raine sought bankruptcy protection, Sam Romano, individually and for the benefit of the

---

[2]  The Estate of Joe M. Romano has been administered under two separate wills.  Mr. Sam Romano was the executor of the first will from the time of Mr. Joe Romano's death to the point at which Mr. Raine produced a later executed will of Joe Romano.  Upon carrying his burden of proving the second will was the valid will, the estate began administration under the second will, which appointed Mr. Raine as executor.   Subsequent to the order of the Bankruptcy Judge in this matter, the Shelby County Circuit Court removed Mr. Raine as executor, appointing yet a third executor to the Estate of Joe M. Romano.

[3]  Raine had a personal interest in two of these corporations; in one, he had signatory authority over the business' checking account.

[4]  Said judgment was rendered by the Circuit Court of Shelby County, Alabama in case number CV 95-549, formerly Probate Court Case No. 33-107 (R. 13-17).  Raine did not appeal this decision until after the Bankruptcy Court found this judgment to be evidence of defalcation (*see* R. 111-114).

Estate of Joe Romano, filed an adversary proceeding to obtain a determination that the

judgment entered against Raine in Shelby County Circuit Court came within the fiduciary

defalcation discharge exception and therefore nondischargable under 11 U.S.C. §

523(a)(4).   Summary judgment was entered in favor of Sam Romano and the Estate of

Joe Romano.  This appeal follows.


## Standard of Review

When a district court reviews a final order of the bankruptcy court, it sits as an

appellate tribunal.  *In re Cornelison,* 901 F.2d 1073, 1075 (11th Cir.1990) *(per curiam).*

In this role, the district court is constrained by traditional standards of appellate review.

*Sipple v. Atwood (In Re Atwood),* 124 B.R. 402, 404 (S.D. Ga. 1991); *see also Green Tree*

*Acceptance, Inc. v. Calvert (In Re Calvert),* 907 F.2d 1069, 1070 (11th Cir. 1990).  This

means that the bankruptcy court's findings of fact are to be accepted as long as they are

not clearly erroneous, but its conclusions of law are subject to de novo review.

*Olszewski v. Joffrion (In re Joffrion),* 240 B.R. 630, 631 (M.D. Ala. 1999); *see also*

Bankruptcy Rule 8013.

By entering summary judgment, the bankruptcy judge indicated that there were no

genuine issues of material fact.  In reviewing an order granting summary judgment, a

district court must view the case "in the same manner as the bankruptcy court, asking

whether there are any genuine issues of material fact and whether [the moving party] is

3

entitled to judgment as a matter of law, viewing the record and facts in the light most

favorable to ... the nonmoving party." *In re Atwood,* 124 B.R. at 404 (*citing In Re*

*Lawler,* 106 B.R. 943, 953 n. 42 (N.D.Tex.1989); *In re Cress,* 106 B.R. 246

(D.Kan.1989).

As the parties seeking summary judgment, the defendants bear the burden initially

of demonstrating that there is no material fact in dispute. *Celotex Corp. v. Catrett,* 477

U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If the moving party

demonstrates that the record reveals no genuine issue of material fact, then the

non-moving party must rebut the summary judgment motion by identifying specific facts

showing a genuine issue of material fact. *E.g., Clark v. Coats & Clark, Inc.*, 929 F.2d

604, 608 (11th Cir.1991).

All reasonable doubts about the facts are to be resolved in favor of the non-

movant, although the non-moving party bears the burden of coming forward with

sufficient evidence of every element that he or she must prove. S*ee Celotex,* 477 U.S. at

322, 106 S.Ct. at 2552. Of course, "the mere existence of some alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary

judgment; the requirement is that there be no genuine issue of material fact." *Anderson*

*v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202

(1986) (emphasis in original).

## Legal Analysis

The sole issue before the Bankruptcy Judge was whether Sam Romano, for the Estate of Joe Romano, was entitled to summary judgment as Mr. Raine's acts constituted defalcation while acting in a fiduciary capacity.  If so, the judgment entered against him in Shelby County, ordering Raine to pay into the Estate of Joe M. Romano $167,313. 23, would be excepted from Raine's § 727 discharge from bankruptcy.  *See* 11 U.S.C. § 523(a)(4).

An executor is a fiduciary under both state and bankruptcy law (TR. 8).  The concept of a "fiduciary" under 11 U.S.C. § 523 is limited by federal bankruptcy law and is therefore narrower than the traditional, common-law meaning of the term. Accordingly, the broad state law definition of "fiduciary" as a relationship involving confidence, trust, and good faith, is generally not applicable in the context of a nondischargability proceeding under §  523(a)(4).  *See Houston v. Capps (In Re Capps),* 193 B.R. 955, 960 (Bankr. N.D. Ala. 1995)(citations omitted).  Rather, the type of fiduciary relationship contemplated by § 523  has been narrowly limited to what may be characterized as a relationship arising out of an express trust.  *See Id.*(citations omitted).

Arising out of an express trust and contained within the narrow construction of the fiduciary under bankruptcy law is the relationship between executor and probate estate. *See Griffith v. Griffith (In the Matter of First Georgia Financial Corporation,* 120 B.R.

5

239, 243 (Bankr. M.D. Ga. 1990); *see also In re Cummings,* 221 B.R. 814, 818 (Bankr.

N.D. Ala. 1998).   The Bankruptcy Court recognized this apparentness of an executor as a

fiduciary (TR 8 *(citing Collier on Bankrutpcy* ¶ 523.10(1)(C)).  This Court agrees.  That

an executor of an estate is a fiduciary is obvious.

Having decided that the Bankruptcy Judge correctly determined that a fiduciary

relationship existed between Raine and the Estate of Joe Romano, the remaining issue is

whether Raine committed defalcation while acting in the fiduciary capacity.  As noted by

the Bankruptcy Judge, defalcation in the Eleventh Circuit has been defined as "failure of

a fiduciary to produce funds entrusted to him or her or any deficiency or diminution of

funds."  *Quaif v. Johnson,* 4 F3d 950, 954-955 (11th Cir. 1993); *see also* TR 9.  In *Quaif,*

the Eleventh Circuit recognized the absence of a precise definition or standard of

defalcation, choosing only to note the wide spectrum, from "pure innocence" to "not

fraud or embezzlement" under which a person can be found to have committed

defalcation, rather than specifically defining the level of misconduct required in this

Circuit.  *Id. (citing Central Hanover Bank and Trust Co. v. Herbst,* 93 F2d 510 (2nd Cir.

1937)); *see also* TR 9.   Nonetheless, the Bankruptcy Judge found Raine's actions to fall

squarely within the parameters of 'beyond pure innocence' to 'not fraud or

embezzlement' (TR 8-10).

Referring the order of the Shelby County Circuit Court ordering Mr. Raine to pay

into the estate $167,313.23 upon a finding that Mr. Raine paid entities that had not filed

claims, or filed late, or in an inappropriate proceeding, and that Mr. Raine paid claims of

inferior recipient's bequests, the Bankruptcy Court found Mr. Raine to have committed a

defalcation while acting within the scope of his fiduciary duty (TR 9,10).  Even without a

clear definition of the level of intent required to prove defalcation, this Court finds the

Bankruptcy Judge's finding of defalcation was not in error.   Upon entering this finding

Mr. Romano's motion for summary judgment was granted excepting from discharge the

judgment of the Shelby County Circuit Court against Mr. Raine in the mount of

$167,313.23 (TR. 10).  This Court AFFIRMS the Bankruptcy Court's grant of summary

judgment.

      Finally, the Bankruptcy Judge found Mr. Raine's counterclaim against Sam

Romano to be irrelevant and outside the scope of the immediate proceeding.  The

Bankruptcy Judge held that Mr. Raine's claim that Sam Romano delivered the

executorship to Mr. Raine with $180,000 of the estate missing would arguably have been

a defense to the proceeding against Mr. Raine in Shelby County (TR 11-12).  However,

Mr. Raine did not bring this matter before the Court at that time.  Regardless, the

proceeding at hand dealt with a judgment entered against Mr. Raine personally and

affected his personal bankruptcy estate, not the probate estate of Joe M. Romano (TR 12).

Accordingly, even if the allegations asserted against Sam Romano were indeed true, they

had no bearing on the outcome of the proceeding at hand. *See* TR 12.  This Court

AFFIRMS this holding.

## Conclusion

The court has carefully reviewed the entire record in this case and is of the opinion

that the Bankrutpcy Court's decision that no genuine issues of material fact existed and

that Raine was a fiduciary who committed defalcation and whose debt as a result of the

order of the Shelby County Circuit Court for such defalcation was nondischargeable

under 11 U.S.C. § 523(a)(4) was not in error.  Accordingly, the decision of the

Bankruptcy Court must be AFFIRMED.  A separate order in conformity with this

memorandum opinion will be entered.

**DONE** and **ORDERED** this 26 day of April , 2000.

Inge P. Johnson
U.S. District Judge

8